UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Budget Truck Rental LLC, et al.,<br><br>　　　　　　Plaintiffs<br><br>v.<br><br>Jacci Simon, et al.,<br><br>　　　　　　Defendants | Case No. 2:24-cv-01648-CDS-EJY<br><br>**Order Denying the Motion to Intervene**<br><br>[ECF No. 18] |

　　　This is a declaratory action related to a fraudulent automobile collision. *See* Compl., ECF No. 1. Plaintiffs Budget Truck Rental, LLC, Budget Rent a Car System, Inc., and ACE American Insurance Company seek a declaratory judgment that they are not financially responsible for claims arising out of the collision. *See id.* On March 11, 2025, the court dismissed defendants John Chesebro, Roshanna Ingram, Temmothis Culverson, and Noah Green due to the plaintiffs' failure to file proof of service. *See* Order, ECF No. 16. John Chesebro, Roshanna Ingram, and Temmothis Culverson (the "Proposed Intervenors") now move to intervene pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, pursuant to Fed. R. Civ. P. 24(b). Mot. to intervene, ECF No. 18. The motion is fully briefed. *See* Resp., ECF No. 19; Reply, ECF No. 20. For the reasons stated herein, I deny the motion to intervene.

**I.　Background**

　　　On October 16, 2019, defendant Jacci Simon rented a 2019 Ford Econoline vehicle from Budget Truck. ECF No. 1 at ¶ 14. Simon purchased all optional insurance products, which included supplemental liability insurance. *Id.* That same day, Simon was operating the rental vehicle with Heaven Simon and Noah Green as passengers, when it was involved in a collision with another vehicle. *Id.* at ¶¶ 20–21. John Chesebro was operating the other vehicle involved in the collision, with Roshanna Ingram, Temmothis Culverson, and Timmothis Culverson as passengers. *Id.* at ¶ 21.

Following the accident, Heaven Simon, Noah Green, and Timmothis Culverson settled their claims against Jacci Simon. *Id.* at ¶ 24.[1] However, the Proposed Intervenors did not settle their claims against Jacci Simon. *Id.* at ¶ 25. On March 5, 2021, the Proposed Intervenors filed a lawsuit against Jacci Simon in the Eighth Judicial District Court, Clark County, Nevada (Case No. A-21-830597-C). ECF No. 1 at ¶¶ 25–26. In the state action, the Proposed Intervenors obtained summary judgment for liability against Simon, based on Jacci Simon's failure to respond to their motion. ECF No. 19 at 6. Around October 22, 2024, default judgment was entered against Simon in the state court proceedings. *Id.*

On September 5, 2024, the plaintiffs filed their complaint in this instant action for declaratory relief against Jacci Simon, Heaven Simon, John Chesebro, Roshanna Ingram, Temmothis Culverson, Timmothis Culverson, and Noah Green. ECF No. 1 at 2–3, ¶¶ 7–13. Jacci Simon, Heaven Simon, and Timmothis Culverson were served with the complaint and summons, ECF Nos. 8, 9, 10. Due to their failure to respond, default was entered against Jacci Simon, Heaven Simon, and Timmothis Culverson ("the defendants") by the Clerk of Court on February 14, 2025. ECF No. 15.[2]

On February 7, 2025, the court entered an order providing notice that John Chesebro, Roshanna Ingram, Temmothis Culverson, and Noah Green would be dismissed without prejudice unless the plaintiffs filed proof of service by March 7, 2025. Notice, ECF No. 14. Because no proof of service was filed, the court dismissed John Chesebro, Roshanna Ingram, Temmothis Culverson, and Noah Green on March 11, 2025. Order, ECF No. 16. The Proposed Intervenors now move to intervene. *See* ECF No. 18.

---

[1] As alleged, Budget Truck's claim administrator resolved the pre-litigation claims. ECF No. 1 at ¶ 32.
[2] A separate order granting default judgment against Jacci Simon, Heaven Simon, and Timmothis Culverson will be entered in this action.

II. Legal Standard

    A. Motion to intervene as of right

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires a court to permit intervention of right by a movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see also Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

The Ninth Circuit applies the following four-part test when analyzing a motion to intervene of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). "In evaluating whether these requirements are met, courts 'are guided primarily by practical and equitable considerations.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Courts construe Rule 24(a) "broadly in favor of proposed intervenors." *Id.* (quoting *United States ex. rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

    B. Permissive intervention

A person or entity can intervene, even if they do not meet the requirements of intervention as of right under Rule 24(a), if they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention is appropriate if the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and

the main action, have a question of law or a question of fact in common. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). A district court has "broad discretion" in determining whether to allow permissive intervention. *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

## III. Discussion

### A. Proposed Intervenors' motion to intervene as of right is denied.

First, the Proposed Intervenors' motion is untimely. *See* ECF No. 18. Timeliness is a threshold issue. *Snyder v. Floworks, Inc.*, 2007 U.S. Dist. LEXIS 64878, at *11 (N.D. Cal. Aug. 22, 2007). "If the court finds that the motion to intervene was not timely, it need not reach any of the elements of Rule 24." *Id.* (quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Determining whether a motion to intervene is timely is solely within the discretion of the court. *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 2021 U.S. Dist. LEXIS 83150, at *9 (D. Nev. Apr. 30, 2021) (citation omitted). The Ninth Circuit has delineated three factors it looks to when determining if a motion to intervene is timely: (1) the stage of the proceedings, (2) the prejudice to other parties, and (3) the reason for and length of the delay. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). All three factors weigh against the Proposed Intervenors.

The Proposed Intervenors assert that their motion is timely, there has been no delay, and the motion was filed at an early stage of this case. ECF No. 18. at 4. Specifically, they argue that no defendants have filed any responsive pleadings, and the plaintiffs have not been diligent in pursuing its case against all the defendants. *Id.* at 5. In opposition, the plaintiffs argue that the motion is untimely and that the Proposed Intervenors waived their right to intervene. ECF No. 19 at 8, 11. The plaintiffs assert that the Proposed Intervenors had been aware of this declaratory relief for over six months at the time they filed the motion and that on October 4, 2024, the plaintiffs advised Proposed Intervenors' counsel of this action and requested waiver or acceptance of service of the complaint and summons. *Id.* at 9. The plaintiffs further explain that there was a "procedural agreement" between the plaintiffs and the Proposed Intervenors'

4

counsel: the Proposed Intervenors would file one responsive pleading at the same time once all of them were served. *Id.* at 9. But the plaintiffs assert that when they tried to further formalize the procedural agreement on October 29, 2024, the Proposed Intervenors' counsel failed to respond. *Id*; *see also* Pls.' Ex. E, ECF No. 19-5.

Although the court is not making a finding that any party acted unprofessionally, it appears the only reason this motion is pending is because counsel for the Proposed Intervenors failed to respond to the plaintiffs' October 29, 2024 email, and because the plaintiffs made no further effort to serve the Proposed Intervenors after they failed to respond to that email. The procedural posture of this case demonstrates how gamesmanship is ineffective, and that litigation works more effectively when parties communicate.

Given that the Proposed Intervenors have known about this action since at least October 2024, their motion to intervene is untimely. Indeed, the "crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). If, as argued by the Proposed Intervenors, they could be prejudiced if they are not permitted to intervene here, they had that knowledge for almost six months before they filed the instant motion. Further, the court gave notice on February 7, 2025, that the Proposed Intervenors would be dismissed from the action for the plaintiffs' failure to effectuate service. *See* ECF No. 14. They were ultimately dismissed on March 11, 2025. ECF No. 15. The Proposed Intervenors still did not file their motion to intervene for five weeks after they were dismissed. The information before the court shows that the Proposed Intervenors were aware that they were named in this lawsuit since at least October 2024, and that their interests would not be adequately protected if dismissed, but failed to act until April 2025. Consequently, this factor weighs against granting intervention.

While "general delay of the action without more does not cause prejudice," *Woods v. County of Los Angeles*, 2022 U.S. Dist. LEXIS 96147, at *14 (C.D. Cal. Mar. 14, 2022), more than a mere delay occurred here. The plaintiffs assert that they have incurred the time and expense to prepare and file a motion for entry of default judgment against the remaining defendants, and allowing an "eleventh-hour intervention" would be prejudicial. ECF No. 19 at 10. In reply, the Proposed Intervenors cite to *Chapman v. Vallejo*, 2018 U.S. Dist. LEXIS 19538, at *2 (E.D. Cal. Feb. 5, 2018) (which in turn cites to *Frow v. De La Vega*, 82 U.S. 552 (1872)).[3] The Proposed Intervenors argue that plaintiffs' counsel failed to notify the Proposed Intervenors of the adverse action, seeking a default judgment against the remaining defendants. ECF No. 20 at 4. But devoid from their argument is the fact that they were previously dismissed from this action. This is distinguishable from *Chapman*, which held that when a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated for all defendants. 2018 U.S. Dist. LEXIS 19538, *at 2. Here, the Proposed Intervenors were no longer parties to the suit as they were dismissed in March 2025. So I find this argument unpersuasive.

The proposed Intervenors assert that there "is absolutely no prejudice" to any party by granting the motion to intervene. ECF No. 20 at 5. In assessing their argument, the appropriate standard in determining prejudice is "how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." *See Smith*, 830 F.3d at 857. But intervention has been denied even at pretrial stages when "a lot of water has passed under the litigation bridge." *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (cleaned up).

---

[3] The Proposed Intervenors improperly raised new arguments for the first time in their reply—asserting that they were due notice of the motion for default judgment. *See* ECF No. 20. The only reference to the *Chapman* case in the motion to intervene was in their exhibit attached to their motion. *See* Mot. to set aside default, Ex. A, ECF No. 18-1 at 7. But such arguments were never directly raised in their motion. While I find this improper, I still briefly address their argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Further, the Ninth Circuit has recognized that "existing parties cannot complain about delay or prejudice caused by their own efforts to thwart the provision of meaningful notice to affected parties." *Smith*, 830 F.3d at 858. The Proposed Intervenors do not provide any reason for their delay. Instead, they assert that there has been no delay as the motion was filed at an early stage of the case. ECF No. 18 at 5. The individuals "seeking intervention must provide a reason to the court for its delay in seeking to enter into the case." *See S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2007 U.S. Dist. LEXIS 81636, at *36 (E.D. Cal. Oct. 16, 2007); *Alisal Water Corp.*, 370 F.3d at 923. The Proposed Intervenors failure to explain their delay weighs against them in this factor. But I also consider the length of delay. "When considering the length of delay, the court [also] looks to the date that the would-be intervener realized its interest would not be adequately presented by the parties." *Nat'l Marine Fisheries*, 2007 U.S. Dist. LEXIS 81636, at *36. The would-be intervenor should have realized its interest would not be adequately presented by the parties once the court entered notice that they were being dismissed as defendants and when default against the remaining defendants was entered. So I find this factor also weighs in favor of finding that this motion was untimely.

As noted above, the record shows that the Proposed Intervenors were previously named defendants in this action, and in October 2024, plaintiffs' counsel attempted to communicate with the Proposed Intervenors' counsel to inquire if the proposed intervenors would be willing to waive service or accept personal service on behalf of their clients. *See* Pls.' Ex. D, ECF No. 19-4 at 2; Pls.' Ex. E, ECF No. 19-5 at 2. The Proposed Intervenors were initially notified of the plaintiffs' declaratory relief but did not respond to communications with the plaintiffs' counsel regarding service and their initial proposal to file one singular response for the Proposed Intervenors when they were named as defendants in this action. *See* Pls.' Ex. B, ECF No. 19-2 at 2.

Now, they come before the court after they have been dismissed from this action, and after default has been entered against the remaining defendants and argue that:

> [They] have a great interest in the outcome of the Plaintiff's Motion for Default Judgment. If Plaintiffs' default is permitted to stand and the motion for entry of default judgment is granted the final judgment in the Eighth Judicial District Court for the State of Nevada, Department 29, in Case No. A-21-830597-C, may be unjustly abrogated and rights of the litigants therein unjustly prejudiced as it would likely result in a denial of recovery which is the result being sought by Plaintiffs herein. Instead this matter should proceed upon the merits.

ECF No. 18 at 5. But lacking from this argument is how or why the Proposed Intervenors rights cannot be vindicated in the Eighth Judicial District Court. And the Proposed Intervenors do not explain in their argument why "this matter should proceed upon the merits" given defendants Jacci Simon, Heaven Simon, and Timmothis Culverson failed to respond to the complaint against them. *Id.* While proceeding on the merits is always preferred, the Proposed Intervenors fail to explain how proceeding on the merits is even a possibility here. In other words, I find that the Proposed Intervenors' interest would not be prejudiced and their argument to the contrary is unconvincing. Ultimately, because timeliness is a threshold matter, I do not address the remaining factors. The Proposed Intervenors motion to intervene as a matter of right is denied.

### B. Permissive intervention is also denied.

The proposed intervenors conclusively argue that the motion is timely and granting the motion will not prejudice the proceedings or existing parties. ECF No. 18 at 7. But they do not provide support for their position. As with motions for intervention of right, "a finding of untimeliness defeats a motion for permissive intervention." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (citing *Washington*, 86 F.3d at 1499) (cleaned up). Because I find that this motion was untimely for the reasons stated above, I also deny the motion to intervene on permissive intervention grounds.

IV.     Conclusion

IT IS HEREBY ORDERED that the Proposed Intervenors' motion to intervene [ECF No. 18] is DENIED.

Dated: December 30, 2025

_____
Cristina D. Silva
United States District Judge