UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Budget Truck Rental LLC, et al., | Case No. 2:24-cv-01648-CDS-EJY |
| Plaintiff | **Order Granting the Plaintiffs' Motion for Default Judgment** |
| v. | |
| Jacci Simon, et al., | [ECF No. 17] |
| Defendants | |

Plaintiffs Budget Truck Rental LLC, Budget Rent A Car System, Inc., and ACE American Insurance Company move for default judgment against defendants Jacci Simon, Heaven Simon, and Timmothis Culverson. Mot., ECF No. 17. Despite being properly served, the defendants have not appeared in this case nor opposed any motion. Having reviewed the plaintiffs' motion, I find they are entitled to default judgment. Accordingly, for the reasons explained herein, I grant the plaintiffs' motion and enter a declaratory judgment against Jacci Simon, Heaven Simon, and Timmothis Culverson.

I. Discussion

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining the process). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In the complaint, the plaintiffs request

declaratory relief, as well as an award for all recoverable costs and attorney's fees.[1] Compl., ECF No. 1 at 7. Thus, determination of any amount of damages is unnecessary. Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros Entm't, Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

The plaintiffs have satisfied the procedural requirements for default judgment as the clerk has entered a default against Jacci Simon, Heaven Simon, and Timmothis Culverson. ECF No. 15. They have also shown the substantive factors outlined in *Eitel v. McCool* weigh in favor of default judgment. ECF No. 17 at 6–9. Specifically, to determine whether default judgment is proper, I must consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

The first *Eitel* factor considers whether the plaintiffs will suffer prejudice if a default judgment is not entered. The defendants failed to defend against this lawsuit. Therefore, the plaintiffs will suffer prejudice if default judgment is not entered as they will have no other means to litigate their claim or obtain clarification of their rights and obligations. *See PepsiCo, Inc. v. Calfornia Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted,

---

[1] Although the plaintiffs seek to recover attorney's fees and costs in their prayer for relief, they do not seek an award in their motion for default judgment, so I do not address that request in this order.

Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). The plaintiffs seek declaratory relief. They adequately alleged that the defendants intentionally planned and executed a collision, that these actions squarely violated the Budget Truck Terms and Conditions and the ACE Excess Rental Insurance Policy, therefore I may issue declaratory relief to relieve the plaintiffs of all duties and obligations. *See generally* ECF Nos. 1, 17. The second and third *Eitel* factors also weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendants' conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *PepsiCo*, 238 F. Supp. 2d at 1176. The plaintiffs do not seek any amount of money, but rather seek declaratory judgment affirming that the defendants intentionally planned and staged the collision, and as such, the plaintiffs have no obligation to cover, defend, or pay based on the fraud admitted by Jacci Simon. Other judges in this district have found, and I agree, that "[t]he fourth *Eitel* factor . . . favors entering default judgment [when] there is no sum of money at stake." *Ditech Fin. LLC v. Northgate Homeowners Ass'n*, 2018 WL 2943441, at *3 (D. Nev. June 12, 2018); *Bank of Am., N.A. v. Giavanna Homeowners Ass'n*, 2020 WL 3100826, at *3 (D. Nev. June 11, 2020). Thus, this factor also weighs in favor of entry of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). The defendants have not appeared to rebut any of the plaintiffs' allegations. The plaintiffs have

3

sufficiently pled facts demonstrating that (1) the defendants staged a collision to collect insurance money; (2) under the rental terms and conditions, certain prohibited uses void all liability protection and insurance products; and (3) under the terms of the insurance policy, fraudulent claims or intentional concealment of material facts, voids the policy. ECF No. 1 at 2–4. The defendants had the opportunity to clarify that they did not intentionally stage and execute a collision but have chosen not to do so. Consequently, there is little likelihood of a dispute regarding whether the defendants' claims are covered under the Budget Truck Terms and Conditions or the ACE Policy. This fifth factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendants' default is due to excusable neglect. *PepsiCo.*, 238 F. Supp. 2d at 1177. No evidence before me suggests that the defendants failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor also weighs in favor of entry of default judgment. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

Finally, the seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the defendants' failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. "A decision on the merits is desirable, but under these circumstances, default judgment is warranted." *Nevada Prop. 1, LLC v. Kiwibank Ltd.*, 2020 WL 5633048, at *2 (D. Nev. Sept. 21, 2020).

**II.    Conclusion**

IT IS HEREBY ORDERED that plaintiffs' motion for default judgment **[ECF No. 17] is GRANTED**.

The Clerk of Court is kindly directed to enter judgment in favor of Budget Truck Rental, LLC, Budget Rent A Car System, Inc., and ACE American Insurance Company and against defendants Jacci Simon, Heaven Simon, and Timmothis Culverson declaring that, based on the information before it, defendants Jacci Simon, Heaven Simon, and Timmothis Culverson intentionally planned and staged the subject collision.

The court further declares that, by intentionally causing the collision, Jacci Simon breached the terms of the Budget Terms and Conditions; and accordingly, Budget Truck has no coverage, defense, or payment obligations with respect to the collision. The court further declares that, by intentionally causing the collision, Jacci Simon breached the terms of the ACE Policy, thus ACE American Insurance Company has no coverage, defense, or payment obligations with respect to the collision.

The Clerk of Court is further instructed, after entering judgment accordingly, to close this case.

Dated: December 30, 2025

_____
Cristina D. Silva
United States District Judge